## 30565. TURNER et al. v. HEAD.

GUNTER, Justice.

This appeal is from a judgment rendered in a habeas corpus custody case. The trial judge, after hearing evidence from the natural mother, the natural father, the maternal grandmother, and the paternal grandmother, awarded custody to the maternal grandmother with whom the natural mother resides. The natural father and the paternal grandmother have appealed.

The mother and father of the child were never officially married but lived together for approximately ten months. The mother testified that she left the father because he would not marry her. The father testified that they lived together as husband and wife, a common law marriage, and that the mother did not leave him because he refused to officially marry her. The mother admitted the paternity of the father, but she denied that their co-habitation amounted to a common law marriage.

The mother, of course, is entitled to possession of the child if there was not a common law marriage. However,

the trial judge specifically refused to adjudicate this issue. He found as a fact that the child was in the control and possession of the paternal grandmother, and that the child was cared for by the paternal grandmother, the paternal grandfather, and the paternal great-grandmother. The father lived in a trailer near the house of his parents, the child's paternal grandparents. Considering these facts and the circumstances of the maternal grandmother, the trial judge concluded that it was in the child's best interest that custody be awarded to the maternal grandmother with whom the natural mother resided.

This court knows of no prior adjudication, and none has been cited to us, that throws any clarifying light on this factual situation that would lead to a proper and just determination of this case. We have carefully read the transcript of the evidence presented to the trial judge; the evidence adequately supports the decision that he rendered; and we conclude that he properly exercised his discretion in determining what disposition of the child would be in the child's best interest.

The appellants complain that the trial judge did not rule on the common law marriage issue, and that he did not find as a fact that the natural father was an unfit person to have custody of the child. Though he specifically declined to rule on whether or not there was a common law marriage, he did grant visitation rights to the natural father. And while he did not make a specific finding of fact that the natural father was an unfit person to have custody, he did state from the bench, and it is contained in the transcript, that it was his opinion that the nineteen-year-old natural father could not raise the child in the factual circumstances disclosed by the evidence.

We find no reversible error.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

Submitted December 3, 1975 — Decided March 11, 1976.

*Farmer, Fanning & Potterfield, Emma B. Farmer,* for appellants.

*Sanders, Mottola, Haugen, Wood & Goodson, H. Parnell Odom,* for appellee.